**Sonu SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72249.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 *.

Filed March 15, 2007.

Richard E. Oriakhi, Esq., Roman & Singh, LLP, Fremont, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., M. Jocelyn Lopez Wright, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Elinor Colbourn, U.S. Department of Justice, Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM **

Sonu Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's order denying Singh's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252, and deny the petition for review.

We review for substantial evidence the BIA's adverse credibility determination and will reverse only if the record compels a contrary conclusion. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1149–50 (9th Cir. 1999).

Because the inconsistencies named by the BIA go to the heart of Singh's asylum claim, substantial evidence supports the BIA's adverse credibility determination. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

Because the asylum claim fails, Singh's claim for withholding of removal, which requires a higher standard of proof, fails as well. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Finally, Singh's claim for protection under CAT also fails because Singh relied upon the same statements that the BIA determined not to be credible. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.